IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
ARSENAL ENERGY HOLDINGS LLC,                :   Case No. 19-10226 (BLS)
                                            :
         Debtor.¹                           :
                                            :   Ref. Docket No. 5
-----------------------------------------------------------x
```

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PRE-PACKAGED PLAN; (II) APPROVING PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT AND PRE-PACKAGED PLAN; (III) APPROVING PREPETITION SOLICITATION PROCEDURES AND FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING, AND OBJECTION DEADLINE; (IV) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(a) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING SCHEDULES AND STATEMENTS AND RULE 2015.3 REPORTS; AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")² of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (i) scheduling the Combined Hearing; (ii) approving the deadline and procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan; (iii) approving the Solicitation Procedures and the Combined Notice; (iv) approving the Assumption Procedures; (v) conditionally (a) directing the U.S. Trustee to not convene the Creditors' Meeting and (b) waiving the requirement that the Debtor file Schedules and Statements and Rule 2015.3 Reports; and (vi) granting related relief, all as more fully set forth in the Motion; and upon

---

¹ The last four digits of the Debtor's taxpayer identification number are 6279. The Debtor's address is 6031 Wallace Road Ext., Suite 300, Wexford, PA 15090.

² Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

01:24144865.2

consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Combined Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held before this Court **on February 13, 2019 at** 9:30 a.m. **(ET)**. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or in the filing of a notice or a hearing agenda in the Chapter 11 Case, and notice of such adjourned date(s) will be available on the Case Website.

3. Any objections to the adequacy of the Disclosure Statement or confirmation of the

01:24144865.2

3

Plan (the "Plan/DS Objections") must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objector, the nature and amount of Claims or Equity Interests held or asserted by the objector against the Debtor's estate or properties, the basis for the objection and the specific grounds therefor; and (iv) be filed with this Court, together with proof of service, no later than **4:00 p.m. (ET) on February 6, 2019** (the "Plan/DS Objection Deadline"). Any objections to the assumption of executory contracts and unexpired leases or Cure Amounts (the "Assumption Objections") must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor; and (iv) be filed with this Court, together with a proof of service, no later than **4:00 p.m. (ET) on February 6, 2019**. In addition to being filed with the Court, any Plan/DS Objections or Assumption Objections must be served on the following parties (collectively, the "Notice Parties") so as to be received by such deadlines: (a) the Debtor, Arsenal Energy Holdings LLC, 6031 Wallace Road Ext., Suite 300, Wexford, PA 15090 (Attn: General Counsel); (b) proposed co-counsel to the Debtor, (i) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Michael H. Torkin, Esq., Kathrine A. McLendon, Esq., and Nicholas E. Baker, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq., Kara Hammond Coyle, Esq., and Ashley E. Jacobs, Esq.); (c) counsel to the ad hoc group of Subordinated Noteholders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq. and Humayun Khalid, Esq.); (d) counsel to Mercuria Investments US, Inc., Vinson & Elkins LLP, 666 Fifth Avenue, 25th Floor, New York, New York 10103 (Attn: David S. Meyer, Esq. and Garrick C. Smith, Esq.); (e) the U.S. Trustee, 844 King Street, Suite 2207,

01:24144865.2

Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq.); and (f) counsel to any statutory committee appointed in the Chapter 11 Case.

4. The procedures set forth in the Motion for asserting Plan/DS Objections and Assumption Objections prior to the Petition Date are hereby approved. The Debtor shall file any Plan/DS Objections or Assumption Objections received by the Debtor prior to the Petition Date on the Court's docket on behalf of the objecting party.

5. **Any Plan/DS Objections or Assumption Objections not timely asserted in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.**

6. The Debtor and any other parties supporting confirmation of the Plan may file replies in response to any Plan/DS Objections and Assumption Objections by February 11, 2019 at 10:00 a.m. (ET).

7. The Proposed Confirmation Schedule is hereby approved in its entirety, and this Court hereby finds the Proposed Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8. Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice attached hereto as Exhibit 1 shall be deemed good and sufficient notice of the Combined Hearing, and no further notice need be given. Service of the Combined Notice in the manner described in the Motion constitutes good and sufficient notice of the commencement of the Chapter 11 Case, the Combined Hearing, the Plan/DS Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan.

9. Except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule

01:24144865.2

3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders.

10. The Solicitation Procedures utilized by the Debtor for distribution of the Solicitation Packages in soliciting acceptances and rejections of the Plan as set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved.

11. The Ballots, substantially in the forms attached to the Motion as Exhibits B-1 and B-2, are approved.

12. The Assumption Procedures set forth in the Motion are approved.

13. The U.S. Trustee shall not be required to convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code if the Plan becomes effective on or prior to the Waiver Deadline.

14. Cause exists to extend the time by which the Debtor must file Schedules and Statements and Rule 2015.3 Reports until the Waiver Deadline, without prejudice to the Debtor's rights to request further extensions thereof; *provided, however*, that the requirement that the Debtor file Schedules and Statements and Rule 2015.3 Reports shall be permanently waived if the Plan becomes effective on or prior to the Waiver Deadline.

15. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: February 6, 2019
      Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

01:24144865.2