**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARSENAL ENERGY HOLDINGS LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-10226 (BLS)<br><br>Ref. Docket Nos. 6, 7, 24 & 30 |

**ORDER (I) APPROVING (A) THE ADEQUACY OF THE DISCLOSURE STATEMENT
AND (B) THE PREPETITION SOLICITATION PROCEDURES AND (II)
CONFIRMING THE PRE-PACKAGED PLAN OF REORGANIZATION OF ARSENAL
ENERGY HOLDINGS LLC**

The above-captioned debtor and debtor in possession (the "Debtor") having:

a. commenced, on January 9, 2019, a prepetition solicitation of votes to accept or reject the *Pre-Packaged Plan of Reorganization of Arsenal Energy Holdings LLC* (as the same may be modified, supplemented and amended from time to time, the "Plan")[2] by distributing to those Holders of Claims and Equity Interests entitled to vote on the Plan in accordance with the terms of chapter 11 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules the following:

   i. the Plan;

   ii. the *Disclosure Statement for Pre-Packaged Plan of Reorganization of Arsenal Energy Holdings LLC* (as the same may be modified, supplemented and amended from time to time, the "Disclosure Statement");

   iii. ballots to vote on the Plan and/or opt-out of the releases contained therein (the "Ballots");

   iv. the *Notice of (A) Combined Hearing to Consider (I) Adequacy of Disclosure Statement and (II) Confirmation of Pre-Packaged Plan, (B) Assumption of Executory Contracts and Unexpired Leases and Cure Amounts, (C) Objection Deadlines; and (D) Anticipated Commencement*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6279. The Debtor's address is 6031 Wallace Road Ext., Suite 300, Wexford, PA 15090.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

        *of Chapter 11 Case* (the "Combined Hearing Notice"), which provided a summary of the Plan;

b.  served the Combined Hearing Notice on all known Holders of Claims against and Equity Interests in the Debtor, the U.S. Trustee, and certain other parties in interest on January 9, 2019;

c.  commenced, on February 4, 2019 (the "Petition Date"), the Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

d.  filed, on the Petition Date:

  i.  the Plan [Docket No. 6];

  ii.  the Disclosure Statement [Docket No. 7];

  iii.  the *Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Pre-Packaged Plan; (II) Approving Procedures for Objecting to Disclosure Statement and Pre-Packaged Plan; (III) Approving Prepetition Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the United States Trustee Not to Convene Section 341(a) Meeting of Creditors and (B) Waiving Requirement of Filing Schedules and Statements and Rule 2015.3 Reports; and (VI) Granting Related Relief* [Docket No. 5] (the "Combined Hearing Motion");

  iv.  the *Declaration of James Daloia of Prime Clerk LLC Regarding Solicitation of Votes and Tabulation of Ballots Cast on the Pre-Packaged Plan of Reorganization of Arsenal Energy Holdings LLC* [Docket No. 8] (the "Voting Certification"), which details the results of the Plan voting process;

  v.  the *Affidavit of Service* [Docket No. 12] filed by Young Conaway Stargatt & Taylor, LLP (the "YCST Affidavit"), and the *Affidavit of Service of Solicitation Materials* [Docket No. 18] (the "Solicitation Affidavit" and together with the YCST Affidavit, the "Affidavits");

  vi.  the *Memorandum of Law in Support of an Order (I) Approving (A) the Adequacy of the Disclosure Statement and (B) the Prepetition Solicitation Procedures and (II)*

01:24159926.1

2

       *Confirming the Pre-Packaged Plan of Reorganization* [Docket No. 44] (the "<u>Confirmation Brief</u>");

   vii.   the *Declaration of Allen Goetz, Chief Financial Officer of Arsenal Energy Holdings LLC in Support of an Order (I) Approving (A) the Adequacy of the Disclosure Statement and (B) the Prepetition Solicitation Procedures and (II) Confirming the Pre-Packaged Plan of Reorganization* [Docket No. 45] (the "<u>Goetz Declaration</u>");

   viii.   the *Declaration of Gideon Lapson of Barclays Capital Inc. in Support of an Order (I) Approving (A) the Adequacy of the Disclosure Statement and (B) the Prepetition Solicitation Procedures and (II) Confirming the Pre-Packaged Plan of Reorganization* [Docket No. 46] (the "<u>Lapson Declaration</u>"); and

e.   operated its business during the Chapter 11 Case as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

The Bankruptcy Court having:

a.   determined that: (i) the Bankruptcy Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; (ii) approval of the Disclosure Statement and confirmation of the Plan are core proceedings under 28 U.S.C. § 157(b)(2); (iii) the Bankruptcy Court has jurisdiction to (a) approve the adequacy of information contained in the Disclosure Statement and to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and (b) enter a final order, consistent with Article III of the United States Constitution, with respect thereto; and (iv) venue in this District was proper as of the Petition Date and remains proper pursuant to 28 U.S.C. §§ 1408 and 1409;

b.   determined that the Debtor was and is an entity eligible for relief under section 109 of the Bankruptcy Code;

c.   reviewed the solicitation procedures regarding votes to accept or reject the Plan (the "<u>Solicitation Procedures</u>") and entered on February 6, 2019, an order approving the Combined Hearing Motion [Docket No. 30];

d.   reviewed the Plan, Disclosure Statement, the Confirmation Brief, the Goetz Declaration, the Lapson Declaration, the Voting Certification, and all other filed pleadings, exhibits, statements, affidavits, declarations, and comments regarding Confirmation of the Plan, including all objections, statements, and reservations of rights, if any, made with respect thereto;

01:24159926.1

3

e. reviewed the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Article X of the Plan;

f. held the Combined Hearing on February 13, 2019, at 9:30 a.m., prevailing Eastern Time pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

g. heard the statements, arguments, and objections made by counsel in respect of the adequacy of the Disclosure Statement and Confirmation of the Plan;

h. overruled any and all objections to the Disclosure Statement, Plan and Confirmation thereof and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated;

i. found that the Debtor, the Consenting Seller Noteholders, the Consenting Subordinated Noteholders, and the Consenting AEH Unitholders have been and will be acting in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (b) take the actions authorized and directed by this Order, in each case, to the extent such actions are consistent with the Plan or this Order, as applicable; and

j. taken judicial notice of the papers and pleadings filed and all orders entered in the Chapter 11 Case, as well as all evidence proffered or adduced and all arguments made at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

**NOW, THEREFORE**, it appearing to the Bankruptcy Court that notice of the Combined Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement and Confirmation have been adequate and appropriate as to all Entities affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Combined Hearing establish just cause for the relief granted herein; and upon the record of the Combined Hearing; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law and orders:

IT IS DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

I. **Notice**

1. As evidenced by the Affidavits, notice of the Disclosure Statement, the Plan, and the Combined Hearing, together with the deadlines for voting to accept or reject the Plan as well as objecting to the Disclosure Statement and the Plan, was appropriate and satisfactory and is approved in all respects.

II. **Combined Hearing on the Disclosure Statement and Plan Confirmation**

2. It was appropriate to hold the Combined Hearing on the Debtor's request for approval of the Disclosure Statement and confirmation of the Plan under sections 105(d)(2)(B)(vi) and 1125(g) of the Bankruptcy Code, and Bankruptcy Rule 3018(b).

III. **Approval of the Disclosure Statement**

3. The Disclosure Statement, attached hereto as **Exhibit A**, is approved in all respects as containing "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Plan, and the transactions contemplated therein, and complies with section 1125 of the Bankruptcy Code and applicable nonbankruptcy law under section 1125(g) of the Bankruptcy Code.

4. Any and all objections to the Disclosure Statement that have not been withdrawn or resolved prior to the Combined Hearing are hereby overruled.

IV. **Solicitation**

5. Prior to commencing the Chapter 11 Case, the Debtor, through Prime Clerk LLC (the "Voting Agent"), caused the Plan, the Disclosure Statement (which included as exhibits thereto, the Plan, a corporate structure chart, Financial Projections, and Liquidation Analysis (as each term is defined in the Disclosure Statement)), Ballots, and a cover letter (collectively the "Solicitation Package"), to be transmitted and served in compliance with sections 1125(g) and

1126(b) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations applicable to such solicitation.

6. As set forth in the Solicitation Affidavit, on January 9, 2018, the Solicitation Package was transmitted to and served on the eligible holders of Claims or Equity Interests of the Classes of Claims or Equity Interests entitled to vote to accept or reject the Plan (the "Voting Classes"). The Voting Classes received Ballots. The form of the Ballots adequately addressed the particular needs of the Chapter 11 Case and was appropriate for the Voting Classes. The instructions on the Ballots advised the eligible holders of Claims or Equity Interests in the Voting Classes that for a Ballot to be counted, the Ballot must be properly executed, completed, and delivered to the Voting Agent so that it was actually received by the Voting Agent no later than 5:00 p.m. (prevailing Eastern Time) on January 31, 2019 (the "Voting Deadline"), unless such time was extended by the Debtor. The period during which the Debtor solicited votes on the Plan was a reasonable period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

7. The Solicitation Procedures were appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, were conducted in good faith, and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and all other applicable nonbankruptcy rules, laws, and regulations, and the solicitation of Ballots on the Plan was in compliance with applicable nonbankruptcy law.

**V.    Voting**

8. On February 4, 2019, the Voting Certification was filed with the Court, certifying the method and results of the Ballots tabulated for the Voting Classes. As of the Voting

Deadline, 93.3% in number and 95.9% in dollar amount of the holders of Claims in Class 3 that timely voted, voted to accept the Plan, and 100% in number and 100% in dollar amount of the holders of Equity Interests in Class 6 that timely voted, voted to accept the Plan. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures, and the Local Rules.

### VI.     Confirmation of the Plan

9.      The requirements for Confirmation of the Plan set forth in sections 1129(a) and 1129(b), which include by reference sections 1122(a) and 1123(a)(1), of the Bankruptcy Code have been satisfied. The Plan, attached hereto as **Exhibit B**, is confirmed pursuant to section 1129 of the Bankruptcy Code.

10.     Any and all objections to the Plan that have not been withdrawn or resolved prior to the Combined Hearing are hereby overruled.

11.     The documents attached as Exhibits to the Plan are integral to the Plan and are approved by the Bankruptcy Court.

12.     The Debtor and the Reorganized Debtor (as applicable) are authorized to take all actions required to effectuate the Plan and the Restructuring Transactions.

13.     Each term of the Plan and each Exhibit thereto is incorporated herein by reference, and are an integral part of this Order. The terms of the Plan, all Exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

14. **THE DISCHARGE, COMPROMISES, SETTLEMENTS, RELEASES, EXCULPATIONS, AND INJUNCTIONS SET FORTH IN <u>ARTICLE X</u> OF THE PLAN ARE APPROVED IN THEIR ENTIRETY AS IF SET FORTH HEREIN AT LENGTH, AND WILL BE EFFECTIVE IMMEDIATELY AND, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, BINDING ON ALL PARTIES IN INTEREST ON THE EFFECTIVE DATE.**

15. For the avoidance of doubt, nothing in the Releases set forth in Article X of the Plan shall release any liens, claims, or obligations against the Non-Debtor Subsidiaries arising from the liens, guarantees, and other claims created in connection with entry into the Opco Refinancing (as defined in the Disclosure Statement), including entry into the New Term Loan Facility (as defined in the Disclosure Statement).

16. The Debtor shall cause to be served a notice of the entry of this Order and occurrence of the Effective Date, substantially in form attached hereto as **Exhibit C** (the "<u>Confirmation Notice</u>"), upon (a) all parties listed in the creditor matrix maintained by the Voting Agent and (b) such additional persons and entities as deemed appropriate by the Debtor, no later than five (5) business days after the Effective Date.

**VII.    Approval of the Exchange Agreement and New AEH Operating Agreement; Issuance and Distribution of the New AEH Common Units**

17. This Order constitutes (a) approval of the Exchange Agreement and the New AEH Operating Agreement and all transactions contemplated thereby and all actions to be taken thereunder by each party thereto and (b) authorization for the Reorganized Debtor to execute and deliver the Exchange Agreement, the New AEH Operating Agreement and such other documents as may be required to effectuate the Restructuring Transactions. On the Effective Date, the Exchange Agreement and the New AEH Operating Agreement shall be deemed valid, binding,

and enforceable in accordance with their respective terms, and each Holder of the Subordinated Notes and each Holder of New AEH Common Units, as applicable, shall be bound thereby, in each case, without the need for execution by any party thereto. Notwithstanding the foregoing sentence, any Holder of Subordinated Notes or Existing AEH Common Equity Interests that timely submitted a Ballot rejecting the Plan and opted out of the third party release shall not be deemed bound by or benefitting from the release set forth in section 5.2 of the Exchange Agreement.

18. To the maximum extent provided by section 1145 of the Bankruptcy Code and applicable non-bankruptcy law, the offering, issuance, and distribution of the New AEH Common Units pursuant to the terms of the Plan and the Exchange Agreement comply with section 1145 of the Bankruptcy Code and shall be exempt from, among other things, the registration requirements of Section 5 of the Securities Act and any other applicable U.S., state, or local law requiring registration prior to the offering, issuance, distribution, or sale of securities.

## VIII. Disallowance of Claims

19. Except as otherwise specifically provided for in the Plan or this Order or as otherwise agreed, Holders of Claims need not file Proofs of Claim, and any and all Proofs of Claim shall be deemed expunged from the claims register on the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court.

## IX. Professional Fee Claims

20. All final applications for Professional Fee Claims for services rendered or reimbursement of costs, expenses or other charges incurred by Professionals after the Petition Date and prior to and including the Effective Date shall be filed with the Bankruptcy Court and served on the Reorganized Debtor, counsel to the Reorganized Debtor, and such other Entities

who are designated by the Bankruptcy Rules or order of the Bankruptcy Court no later than the Professional Claims Bar Date. Any Holder of a Professional Fee Claim that does not file and serve such application by the Professional Claims Bar Date shall be forever barred from asserting such Professional Fee Claim against the Debtor, the Reorganized Debtor, or their respective properties, and such Professional Fee Claim shall be deemed discharged as of the Effective Date. Objections to any final applications for Professional Fee Claims must be filed and served on the Reorganized Debtor, counsel to the Reorganized Debtor, and the applicable Professional no later than **twenty (20) days after the filing of such final fee application with respect to such Professional Fee Claim**. The Reorganized Debtor is authorized to pay compensation for professional services rendered and reimbursement of expenses incurred after the Effective Date in the ordinary course of business and without the need for Bankruptcy Court approval. The reasonable and documented professional fees and expenses of Cleary Gottlieb Steen & Hamilton LLP and one local counsel, counsel to certain of the Consenting Subordinated Noteholders, incurred prior to the Petition Date and thereafter up to the Effective Date shall be paid by the Debtor or the Reorganized Debtor on or immediately following the Effective Date without the need for filing any fee application or approval by the Bankruptcy Court.

X.      **Treatment of Executory Contracts and Unexpired Leases**

21.    The assumption of Executory Contracts and Unexpired Leases as set forth in Article VI of the Plan is hereby approved.

22.    The only adequate assurance of future performance of any Executory Contract or Unexpired Lease that is assumed in connection with the Plan shall be the promise of the Reorganized Debtor to perform all obligations under any Executory Contract or Unexpired Lease under the Plan.

01:24159926.1

23. In the event the Debtor or the Reorganized Debtor is unable to resolve an objection to the proposed assumption of or Cure amount for any Executory Contract or Unexpired Lease in a manner that is satisfactory to the Debtor or the Reorganized Debtor, as applicable, the Debtor or the Reorganized Debtor, as applicable, expressly reserves the right to reject the Executory Contract or Unexpired Lease.

24. To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, purports to restrict or prevent, or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including any "change of control" provision), such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

## XI. Discharge of Claims

25. To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan, and effective as of the Effective Date: (i) the rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan will be in exchange for and in complete satisfaction, settlement, discharge, and release of all Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (ii) the Plan will bind all Holders of Claims and Equity Interests, notwithstanding whether any such Holders abstained from voting to accept or reject the Plan or voted to reject the Plan; (iii) all Claims and Equity Interests will be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto will be extinguished completely, including any liability of the kind specified under section 502(g),

01:24159926.1

502(h) or 502(i) of the Bankruptcy Code; and (iv) all Entities will be precluded from asserting against, derivatively on behalf of, or through, the Debtor, the Debtor's Estate, the Reorganized Debtor, each of their successors and assigns, and each of their assets and properties, any other Claims or Equity Interests based upon any document, instrument or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date. Notwithstanding anything to the contrary in the Plan, any related documents or exhibits of this Order, none of the affiliates or subsidiaries of the Debtor are receiving a discharge pursuant to section 1141 of the Bankruptcy Code.

## XII. No Action Required

26. Under the provisions of the Delaware General Corporation Law, including section 303 thereof, and the comparable provisions of the Delaware Limited Liability Company Act and section 1142(b) of the Bankruptcy Code, no action of the respective directors, equity holders, managers or members of the Debtor is required to authorize the Debtor or the Reorganized Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate or effectuate, as the case may be, the Plan, the restructuring, and any contract, assignment, certificate, instrument, or other document to be executed, delivered adopted or amended in connection with the implementation of the Plan.

## XIII. Governmental Approvals Not Required

27. This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

## XIV. Retention of Rights of Governmental Units

28. Notwithstanding any provision in the Plan, this Confirmation Order or other related Plan documents:

Nothing discharges or releases the Debtor, the Reorganized Debtor, or any non-debtor from any right, claim, liability or cause of action of the United States or any State, or impairs the ability of the United States or any State to pursue any claim, liability, right, defense, or cause of action against any Debtor, Reorganized Debtor or non-debtor. Contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests of or with the United States or any State shall be, subject to any applicable legal or equitable rights or defenses of the Debtor or Reorganized Debtor under applicable non-bankruptcy law, paid, treated, determined and administered in the ordinary course of business as if the Debtor's bankruptcy case was never filed and the Debtor and Reorganized Debtor shall comply with all applicable non-bankruptcy law. All claims, liabilities, rights, causes of action, or defenses of or to the United States or any State shall survive the Chapter 11 Case as if it had not been commenced and be determined in the ordinary course of business, including in the manner and by the administrative or judicial tribunals in which such rights, defenses, claims, liabilities, or causes of action would have been resolved or adjudicated if the Chapter 11 Case had not been commenced; provided, that nothing in the Plan or this Confirmation Order shall alter any legal or equitable rights or defenses of the Debtor or the Reorganized Debtor under non-bankruptcy law with respect to any such claim, liability, or cause of action. Without limiting the foregoing, for the avoidance of doubt: (i) the United States and any State shall not be required to file any proofs of claim or administrative expense claims in the Chapter 11 Case for any right, claim, liability,

defense, or cause of action; (ii) nothing shall affect or impair the exercise of the United States' or any State's police and regulatory powers against the Debtor, the Reorganized Debtor or any non-debtor; (iii) nothing shall be interpreted to set cure amounts or to require the United States or any State to novate or otherwise consent to the transfer of any federal or state contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests; (iv) nothing shall affect or impair the United States' or any State's rights and defenses of setoff and recoupment, or ability to assert setoff or recoupment against the Debtor or the Reorganized Debtor and such rights and defenses are expressly preserved; (v) nothing shall constitute an approval or consent by the United States without compliance with all applicable legal requirements and approvals under non-bankruptcy law, and (vi) nothing shall relieve any party from compliance with all licenses and permits in accordance with non-bankruptcy law.

## XV. Nonseverability of Plan Provisions Upon Confirmation

29. The failure to specifically include or refer to any particular article, section, or provision of the Plan, any Exhibit, or any related document in this Order does not diminish or impair the effectiveness of enforceability of such article, section, or provision.

## XVI. Non-Impairment

30. Notwithstanding anything to the contrary in the Plan, this Order or any document executed or transaction entered into in connection with the Plan or the Restructuring Transactions, until Class 1 Claims, Class 4 Claims and Class 5 Claims, as applicable, have been paid in full in accordance with the terms of such respective Claims, (a) the provisions of Articles V.G, V.H, X.C, X.E, X.F or X.G of the Plan shall not apply or take effect to such Claims, (b) such Claims shall not be deemed settled, satisfied, resolved, released, discharged or enjoined by

any provision of the Plan and (c) the Reorganized Debtor shall remain liable for such applicable Claims.

### XVII. Immediate Binding Effect; Waiver of Stay

31. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, or otherwise, upon the occurrence of the Effective Date, this Order is intended to be a Final Order and the period within which an appeal must be filed commences upon entry hereof, and the terms of this Order and the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all Holders of Claims or Equity Interests (irrespective of whether Holders of such Claims or Equity Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the Plan, each Entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

### XVIII. Retention of Jurisdiction

32. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, this Bankruptcy Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

### XIX. Applicable Non-Bankruptcy Law

33. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, and any related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

## XX. Substantial Consummation

34. Substantial consummation of the Plan under section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

## XXI. Exemption from Certain Transfer Taxes and Fees

35. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate or personal property transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Order, the appropriate governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

## XXII. Reversal

36. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of the Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity or enforceability of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

### XXIII. Waiver of Section 341(a) Meeting

37. As of the date of this Order, the requirement that the U.S. Trustee convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code is hereby waived.

### XXIV. This Order Controlling

38. If there is any express conflict between the Plan and this Order, the terms of this Order shall control.

### XXV. Modification to the Plan

39. The definition of "Third Party Release Claims" shall be deleted in its entirety.

Date: February 13, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

01:24159926.1